HENRY v HOSPITAL AND HEALTH SERVICES CREDIT UNION

Docket No. 94542. Submitted June 16, 1987, at Lansing. Decided August 24, 1987.

Julia Henry brought an action in the Oakland Circuit Court against Hospital and Health Services Credit Union, alleging wrongful discharge from employment, and against Charles Dowling, alleging tortious interference with an employment contract. The trial court, Alice L. Gilbert, J., granted defendants' motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held:*

Summary judgment was properly granted to the defendants. Plaintiff's oral employment contract was terminable at will. Plaintiff had only a subjective expectation that her employment would be terminated only for cause. Plaintiff cannot show that a contract had been breached because her employment contract was terminable at will.

Affirmed.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — INDEFINITE TERM CONTRACTS — TERMINATION OF EMPLOYMENT.

The employment of a person hired under an oral contract for an indefinite term generally may be terminated at any time and for no reason.

2. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — INDEFINITE TERM CONTRACTS — TERMINATION OF EMPLOYMENT.

A contract of employment for an indefinite term may provide that it is not terminable at will; such a provision may become

REFERENCES

Am Jur 2d, Interference §§ 1 *et seq.*; 47.

Am Jur 2d, Labor and Labor Relations §§ 29 *et seq.*

Am Jur 2d, Master and Servant §§ 14 *et seq.*; 27 *et seq.*

Right to discharge allegedly "at-will" employee as affected by employer's promulgation of employment policies as to discharge. 33 ALR4th 120.

Modern status of rule that employer may discharge at-will employee for any reason. 12 ALR4th 544.

Liability for interference with at will business relationship. 5 ALR4th 9.

part of the contract either by express oral or written agreement or as a result of an employee's legitimate expectations grounded in an employer's policy statements; established procedures, although not reduced to writing, may also demonstrate a right to continued employment absent cause for termination; a mere subjective expectancy of continued employment on the part of an employee will not justify an expectation of termination for just cause only.

3. Torts — Contracts — Interference with Contractual Relations.

A prima facie case of tortious interference with contractual relations requires a showing that (1) a contract existed, (2) the contract was breached, (3) the defendant instigated the breach, and (4) defendant did so without justification.

*Rabette & O'Dea, P.C.* (by *Thomas P. Rabette*), for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas R. Bowen* and *Lisa T. Milton*), for defendants.

Before: Danhof, C.J., and Doctoroff and T. M. Green,* JJ.

Per Curiam. Plaintiff appeals as of right from summary disposition granted to defendants under MCR 2.116(C)(8) and (10). Plaintiff's claims are for wrongful discharge and tortious interference with an employment contract. The circuit court granted summary disposition on the basis that plaintiff's oral employment contract was terminable at will rather than for just cause.

Plaintiff was employed by Clinton Oakland Employees Credit Union, the predecessor of defendant Hospital and Health Services Credit Union. The credit union's main office was in Pontiac and a branch office was in Ypsilanti. Plaintiff worked at the Pontiac office under the direct supervision of

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant Dowling. Plaintiff was hired in 1967 and was told in 1985 that she was being transferred to the position of branch manager at the Ypsilanti office. Plaintiff's employment was terminated by Dowling after she refused to report for work at the Ypsilanti office.

Plaintiff's complaint alleged that the credit union's practices and policies gave her a reasonable expectation that she would only be terminated for just cause. However, plaintiff's deposition disclosed that the employee policy manual contained no termination procedures. In addition, plaintiff could not recall being informed that she would be terminated only for just cause. Plaintiff said she felt that she would not be terminated without just cause.

In opposition to the motion for summary disposition, plaintiff filed an affidavit saying she believed and expected that she would only be terminated for just cause. Plaintiff said her belief was supported by the credit union's past practice of terminating employees only for just cause. According to answers to interrogatories, three other employees had been terminated within the last five years. Two employees were terminated for lack of work and one employee was terminated for unsatisfactory job performance.

The claim against the credit union is based on wrongful discharge. Summary disposition was granted under MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions and documentary evidence available to it. The nonmoving party is given the benefit of every reasonable doubt. The motion must not be granted unless the court is satisfied that it is impossible to support the claim at trial because of some defi-

ciency which cannot be overcome. *Friske v Jasinski Builders, Inc,* 156 Mich App 468; 402 NW2d 42 (1986).

Generally, an employee hired under an oral contract for an indefinite term may be terminated at any time and for no reason. *Valentine v General American Credit, Inc,* 420 Mich 256; 362 NW2d 628 (1984). However, *Toussaint v Blue Cross & Blue Shield of Michigan,* 408 Mich 579; 292 NW2d 880 (1980), established that a contract of employment for an indefinite term may provide that it is not terminable at will. Such a provision may become part of the contract either by express oral or written agreement or "as a result of an employee's legitimate expectations grounded in an employer's policy statements." *Toussaint, supra,* p 598. Established procedures, although not reduced to writing, may also demonstrate a right to continued employment absent cause for termination. *Toussaint, supra,* pp 618-619. However, a mere subjective expectancy of continued employment on the part of an employee will not justify an expectation of termination for just cause only. *Dzierwa v Michigan Oil Co,* 152 Mich App 281; 393 NW2d 610 (1986).

In the present case, plaintiff had only a subjective expectation that her employment would be terminated only for cause. The employee policy manual contained no policy statement or procedures governing the termination of employees. Plaintiff's expectation of continued employment was similar to that of the plaintiff in *Dzierwa.* Plaintiff merely felt that her employment would not be terminated unless there was just cause. In addition, the mere fact that three employees were terminated during a five-year period for reasons that may imply just cause is not enough to create a genuine issue of fact as to whether plaintiff had

an expectation that her employment would be terminated for just cause only. Summary disposition was properly granted to the credit union.

The claim against Dowling was based on tortious interference with an employment contract. Summary disposition was granted under MCR 2.116(C)(8) for failure to state a claim upon which relief may be granted. A motion under MCR 2.116(C)(8) tests the legal sufficiency of a complaint. Summary disposition should not be granted unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recover. *Graves v City of Lansing,* 149 Mich App 359; 385 NW2d 785 (1986).

A prima facie case of tortious interference with contractual relations requires a showing that (1) a contract existed, (2) the contract was breached, (3) the defendant instigated the breach, and (4) defendant did so without justification. *Safie Enterprises, Inc v Nationwide Mutual Fire Ins Co,* 146 Mich App 483; 381 NW2d 747 (1985). Plaintiff cannot show that a contract had been breached because her employment contract was terminable at will. Plaintiff's complaint alleged breach of contract, but there was no factual support for plaintiff's claim that her contract of employment was terminable only for just cause. Therefore, plaintiff's claim against Dowling should have been dismissed under MCR 2.116(C)(10) rather than MCR 2.116(C)(8). However, this Court will affirm the trial court when it reaches the right result for the wrong reason. *Lucas v Michigan Employment Security Comm,* 132 Mich App 232; 347 NW2d 25 (1984), lv den 419 Mich 903 (1984). Summary disposition was properly granted to defendant Dowling.

Affirmed.