875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nancy SCHULTZ, Plaintiff-Appellant,
v.
PEPSI-COLA BOTTLING GROUP, INC., Defendant-Appellee.
 No. 88-1626.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this diversity action, plaintiff-appellant Nancy Schultz ("plaintiff") appeals the judgment of the district court entered pursuant to Fed.R.Civ.P. 41(b) dismissing her employment action against defendant-appellee Pepsi-Cola Bottling Group, Inc. ("Pepsi") brought under Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (1980). For the reasons that follow, we affirm.
 
 I.
 
 2
 Plaintiff commenced the present action on March 21, 1985, alleging Pepsi discharged her without good cause in violation of an implied employment contract created pursuant to Toussaint, supra. The action was tried to the bench on May 18 and May 19, 1988. At the close of plaintiff's proof, Pepsi moved under Rule 41(b) for judgment on plaintiff's proof, and the district court granted Pepsi's motion and dismissed plaintiff's complaint. The district court entered judgment against plaintiff under Rule 41(b) on May 19, 1988. This timely appeal followed.
 
 
 3
 There is one issue on appeal: whether the district court erred in concluding that plaintiff did not present sufficient evidence to justify a reasonable expectation that she would be discharged only for just cause.
 
 II.
 
 4
 Our review of the district court's finding that plaintiff had no reasonable expectation to just cause termination is limited. "In reviewing a Rule 41(b), dismissal in which the lower court has made findings of fact ... the standard is the same as that for reviewing findings of fact by a court following a full trial." Hersch v. United States, 719 F.2d 873, 877 (6th Cir.1983). Thus, an "appellate court may not disturb the lower court's conclusion unless clearly erroneous." Id. See also D.E. Rogers Assocs. v. Gardner-Denver Co., 718 F.2d 1431, 1434 (6th Cir.1983), cert. denied, 467 U.S. 1242 (1984) ("As [a Rule 41(b) dismissal] operates as an adjudication upon the merits, it is subject to the clearly erroneous standard of review."). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 5
 In Toussaint, supra, the Michigan Supreme Court held that an employment contract providing that an employee may not be discharged except for just cause is legally enforceable and "may become part of the contract either by express agreement, oral or written, or as a result of an employee's legitimate expectations grounded in an employer's policy statements." Toussaint, 408 Mich. at ----, 292 N.W.2d at 885. The employee's "legitimate expectations," however, must be reasonable. See Henry v. Hospital and Health Servs. Credit Union, 164 Mich.App. 90, ----, 416 N.W.2d 338, 340 (1987) ("[A] mere subjective expectancy of continued employment on the part of an employee will not justify an expectation of termination for just cause only."); Dzierwa v. Michigan Oil Co., 152 Mich.App. 281, ----, 393 N.W.2d 610, 612 (1986); Schwartz v. Michigan Sugar Co., 106 Mich.App. 471, ----, 308 N.W.2d 459, 462 (1981).
 
 
 6
 Plaintiff maintains she reasonably believed she was protected by a just cause employment contract because she was once told, "you have a job with Pepsi-Cola as long as you want it." The district court did not discredit plaintiff's testimony on this point. Rather, the court found, considering all relevant factors, that this one isolated statement "is not sufficient to justify a reasonable expectation on the part of the plaintiff, of a just cause discharge." J.A. at 29. We hold this finding is not clearly erroneous.
 
 
 7
 Plaintiff was employed at Pepsi for approximately seven years, yet testified that she never heard or saw anything, other than the one statement upon which she relies, that would have led her to believe Pepsi followed a just cause policy. The statement plaintiff relies upon was made by a Pepsi personnel relations representative in the context of discussing plaintiff's complaints about her supervisor. Read in context, the statement can be viewed as a mere expression of optimism to a disgruntled employee. The statement itself ("you have a job ... as long as you want it") does not set out any standard for discharge but instead is very general. Given these facts we cannot say "that a mistake has been committed" by the district court. Anderson, 470 U.S. at 573.
 
 
 8
 Plaintiff, however, argues that the district court erred as a matter of law in holding: (1) that a Toussaint employment contract may be created only at the commencement of an employment relationship, and (2) that such a contract may only be created through a writing. Our perusal of the district court's findings, however, leads us to the conclusion that plaintiff mischaracterizes the holding of the court. The district court considered the absence of any written statement and lack of any prior assertions by Pepsi as factors relevant to the reasonableness of plaintiff's alleged expectation of continued employment. The court did not hold as a matter of law that these factors are necessary prerequisites to a Toussaint claim.
 
 III.
 
 9
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.