McCART v J WALTER THOMPSON USA, INC

Docket No. 109434. Submitted May 10, 1989, at Detroit. Decided July 24, 1989. Leave to appeal applied for.

Dennis McCart, a senior vice-president of J. Walter Thompson USA, Inc., an advertising agency, was informed by Steven Bowen, the president of the agency, that he was being laid off as part of an economic reduction in force. McCart filed a wrongful discharge action against J. Walter Thompson USA, Inc., in Wayne Circuit Court alleging that he was discharged without good cause in violation of his employment contract with defendant. Defendant conceded that plaintiff had an oral contract of permanent employment that could be terminated only for good cause and moved for summary disposition on the ground that there was no dispute that plaintiff's position was eliminated as part of an economic reduction in force. Plaintiff conceded that defendant was making layoffs for economic reasons, but asserted that his inclusion in the layoff was a subterfuge to disguise his discharge by including him therein. The court, Robert J. Colombo, Jr., J., granted summary disposition in favor of defendant, finding that plaintiff failed to produce any evidentiary support for his position that he was laid off for punitive reasons and not economic reasons, that a just cause contract would not preclude an employer from making economic layoffs, and that plaintiff's layoff appeared to be for economic reasons. Plaintiff appealed.

The Court of Appeals *held:*

1. The fact that an employment contract may contain a good cause termination clause does not preclude an employer from discharging an employee due to an economically motivated work force reduction.

2. Summary disposition was inappropriate because a factual issue existed as to the real reasons for plaintiff's discharge. Although an economically motivated reduction in force is a

REFERENCES

Am Jur 2d, Master and Servant §§ 32, 41, 43; Summary Judgment §§ 27-29.

See the Index to Annotations under Discharge from Employment or Office; Good Cause; Reduction in Force; Summary Judgment.

defense to a wrongful discharge action, the employer must establish economic motivation to terminate the particular employee, as opposed to the employee's position, where the employee has a just cause contract and the employer has reasonable alternative options for the employee within the organization. Without further factual development, it is impossible to determine whether plaintiff could have been placed elsewhere.

Reversed and remanded for further proceedings.

1. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — GOOD CAUSE TERMINATION — ECONOMICALLY MOTIVATED REDUCTIONS.

The fact that an employment contract may contain a good cause termination clause does not preclude an employer from discharging an employee due to an economically motivated work force reduction.

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A motion for summary disposition on the ground that there is no genuine issue of any material fact tests the factual support for the claim; the court must consider the pleadings, affidavits, admissions and documentary evidence available to it and determine whether the record which might be developed, giving the benefit of any reasonable doubt to the nonmoving party, would leave open an issue upon which reasonable minds might differ; the court must be liberal in finding a question of material fact, and the motion must not be granted unless the court is satisfied that it is impossible to support the claim because of some deficiency which cannot be overcome (MCR 2.116[C][10]).

3. MASTER AND SERVANT — EMPLOYMENT CONTRACTS — WRONGFUL DISCHARGE — DEFENSES — ECONOMICALLY MOTIVATED REDUCTIONS.

Although an economically motivated reduction in force is a defense to a wrongful discharge action, the employer must establish economic motivation to terminate the particular employee, as opposed to the employee's position, where the employee has a just cause contract and the employer has reasonable alternative options for the employee within the organization.

*Eric J. McCann, P.C.* (by *Eric J. McCann* and *Julie D. Abear*), for plaintiff.

*Bodman, Longley & Dahling* (by *James J. Walsh* and *David P. Larsen*), for defendant.

Before: Hood, P.J., and Beasley and Shepherd, JJ.

Per Curiam. In this wrongful discharge action, plaintiff appeals as of right from a May 24, 1988, order granting summary disposition under MCR 2.116(C)(10) in favor of defendant. We reverse.

Defendant is an advertising agency with nationwide offices. At the time of his termination in 1986, plaintiff was employed by the agency as a senior vice-president. Plaintiff held the number two position for field marketing on the account of one of the agency's major clients (Burger King). Steven Bowen, the president of the agency, informed plaintiff that he was being laid off as part of an economic reduction in force.

On April 23, 1987, plaintiff commenced this action, alleging that he was discharged without good cause in violation of his employment contract with the defendant agency.

On April 5, 1988, defendant filed a motion for summary disposition. For purposes of the motion, defendant conceded that plaintiff had an oral contract of permanent employment that could be terminated only for good cause. Defendant sought summary disposition on the ground that there was no dispute that plaintiff's position was eliminated as part of an economic reduction in force. In support of the motion, defendant relied on documentary proofs, as well as the deposition testimony of both plaintiff and Bowen. It is represented to us on appeal that the transcripts of both of these depositions were submitted for the trial court's consideration in ruling on the motion.

In opposition to the motion, plaintiff conceded that defendant was making layoffs for economic reasons, but asserted in his motion brief that "his inclusion in the layoff was a subterfuge by Defen-

dant to disguise his discharge by including him therein." Through his answer to the motion and supporting brief, plaintiff proffered to present testimony at trial that would refute that his layoff was for economic reasons. In particular, plaintiff proffered to produce the testimony of his former superior, Robert Norsworthy, to testify in support of his case. Plaintiff's position appeared to be that he was included in the layoff group because of some ill will on the part of the president of the agency, Steven Bowen. Plaintiff characterized his discharge as a "punitive discharge" by a "vengeful president." Plaintiff did not file any deposition testimony or other proofs in support of his motion but, instead, made some references to the facts set forth in defendant's own motion brief.

In ruling on the motion, the trial court referred to the deposition testimony of Bowen which indicated that plaintiff's position was eliminated because the defendant was confronted by very significant revenue shortfalls in the latter part of 1986, that the decision was made because plaintiff's position was not essential to handling the Burger King business, and the fact that no one ever replaced plaintiff. Instead, the responsibilities of plaintiff's former position were taken over by other employees. Relying on MCR 2.116(G)(4), the trial court further noted that plaintiff failed in his responsibility to produce any evidentiary support for his position that he was laid off for punitive reasons and not economic reasons. As a principle of law, the trial court observed that a just cause contract would not preclude an employer from making economic layoffs. Based on the foregoing, the trial court granted summary disposition in favor of defendant.

On appeal, plaintiff raises two issues. First, plaintiff contends that summary disposition was

inappropriate because a factual issue existed as to whether an oral employment contract terminable for good cause only existed. Because defendant conceded that an oral contract terminable for good cause only existed for purposes of the motion for summary disposition, we do not consider this issue. However, the fact that an employment contract may contain a good cause termination clause does not preclude an employer from discharging an employee due to an economically motivated work force reduction. See *Bhogaonker v Metropolitan Hospital,* 164 Mich App 563, 565-566; 417 NW2d 501 (1987), lv den 429 Mich 898 (1988), and *Friske v Jasinski Builders, Inc,* 156 Mich App 468, 472; 402 NW2d 42 (1986), lv den 428 Mich 880 (1987), wherein this Court explained:

> Case law indicates that termination of the employment of an otherwise competent employee due to an economically motivated business closing is not grounds for a wrongful discharge claim. See, e.g., *Bouwman v Chrysler Corp,* 114 Mich App 670, 681-682; 319 NW2d 621 (1982), lv den 417 Mich 989 (1983); *Sahadi v Reynolds Chemical,* 636 F2d 1116, 1118 (CA 6, 1980); *F S Royster Guano Co v Hall,* 68 F2d 533, 535 (CA 4, 1934). We find that these cases are analogous to the instant case and support a holding that, as a matter of law, plaintiff's discharge for economic reasons, as determined by and within the complete discretion of the board of directors of defendant corporation, constitutes termination for sufficient cause. To hold otherwise would impose an unworkable economic burden upon employers to stay in business to the point of bankruptcy in order to satisfy employment contracts and related agreements terminable only for good or sufficient cause.

Secondly, plaintiff contends that summary disposition was inappropriate because a factual issue

existed as to the reasons for plaintiff's discharge. We agree.

A motion for summary disposition tests the factual support for the claim. *Henry v Hospital & Health Services Credit Union,* 164 Mich App 90, 92; 416 NW2d 338 (1987). The court must consider the pleadings, affidavits, admissions and documentary evidence available to it. *Id.* The test is whether the record which might be developed, giving the benefit of any reasonable doubt to the nonmoving party, would leave open an issue upon which reasonable minds might differ. The court shall be liberal in finding a question of material fact. *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987), lv den 429 Mich 881 (1987). The motion must not be granted unless the court is satisfied that it is impossible to support the claim because of some deficiency which cannot be overcome. *Henry, supra,* pp 92-93. In addition, MCR 2.116(G)(4) provides, in pertinent part:

> When a motion under subrule (C)(10) is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her.

Here, the record reflects that plaintiff did not submit any proofs to support his position that a factual issue existed as to the reasons for his discharge. Specifically, there is nothing in the record to indicate that plaintiff's position was terminated for reasons other than economic motivation. The problem in this case is that the record

also fails to show that plaintiff was hired solely for that position. To the contrary, the deposition testimony of plaintiff, which was submitted by defendant for consideration in support of its position, reflects that plaintiff was a long-term employee who had worked his way up to the senior vice-president position. Plaintiff had also been offered other positions with the defendant agency on other accounts, including an offer shortly before his termination that would have resulted in both a bonus and a raise. Plaintiff referred to his refusal to accept these job opportunities, as well as other conflicts with Bowen, as support for his view that Bowen harbored ill will towards him. Plaintiff's deposition testimony indicates that, although in the past there had been discussions of other job opportunities, the decision to terminate his employment with the defendant agency was made without discussion. In addition, a letter sent to plaintiff by Bowen after the decision was made to terminate his employment indicates that there were other options, i.e., discretion was exercised in determining which employees to terminate.

While plaintiff's deposition testimony was submitted by defendant rather than plaintiff, it does lend some factual support for the proposition that the decision to include plaintiff in the economic work force reduction was a mere subterfuge and that the real motivation for his discharge was strictly personal motives on the part of the corporate officer (Bowen) charged with decision-making authority over who should be laid off.

Based on the foregoing, we conclude that a genuine issue of material fact existed as to the real reasons for plaintiff's discharge. Although an economically motivated reduction in force is a defense to a wrongful discharge action, the employer must establish economic motivation to ter-

minate the particular employee, as opposed to the employee's position, where the employee has a just cause contract and the employer has reasonable alternative options for the employee within the organization. Without further factual development, it is impossible to determine whether plaintiff could have been placed elsewhere.

Given the great liberality accorded to motions for summary disposition and the fact that defendant, itself, submitted proofs that raised a genuine issue of material fact, we conclude that reversal is necessary. Because we are unable to say that it will be impossible for plaintiff to factually support his position at trial, we hold that the grant of summary disposition was inappropriate. Therefore, we reverse the order of summary disposition and remand for further proceedings consistent with this opinion.

Reversed.