## ANDREWS v K MART CORPORATION

Docket No. 110127. Submitted July 12, 1989, at Lansing. Decided August 28, 1989.

Donna Andrews allegedly was injured when she tripped on a curled-up rug as she was leaving a K mart store. Andrews and her husband, George, filed suit against K mart Corporation in Genesee Circuit Court alleging that defendant or its employees had negligently permitted the rug to be rolled up in a dangerous position and failed to adequately warn Donna Andrews of the dangerous condition. Defendant moved for summary disposition. The court, Judith A. Fullerton, J., granted summary disposition in favor of defendant, finding that there was no evidence that anything existed which would have put the store on notice of a dangerous or defective condition. Plaintiffs appealed.

The Court of Appeals *held:*

1. There was a genuine issue of material fact as to whether the curled-up rug existed at the time of Andrews' fall and in fact was a cause of her fall.

2. The trial court erred in finding that there was no evidence that anything existed which would have put the store on notice of a dangerous or defective condition. The proofs submitted to the trial court support at least an inference of constructive notice on the part of defendant.

3. A legitimate inference could be drawn that defendant breached its duty to keep the store premises in a reasonably safe condition for its business invitees. Therefore, it was error to grant summary disposition in favor of defendant.

Reversed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A motion for summary disposition on the ground that there is no

REFERENCES

Am Jur 2d, Premises Liability §§ 214, 216; Summary Judgment §§ 27-29.

See the Index to Annotations under Carpets and Rugs; Floors; Premises Liabilty; Summary Judgment.

genuine issue of any material fact tests the factual support for the claim; the court must consider the pleadings, affidavits, admissions and documentary evidence available to it and determine whether the record which might be developed, giving the benefit of any reasonable doubt to the nonmoving party, would leave open an issue upon which reasonable minds might differ; the court must be liberal in finding a question of material fact, and the motion must not be granted unless the court is satisfied that it is impossible to support the claim because of some deficiency which cannot be overcome (MCR 2.116[C][10]).

2. NEGLIGENCE — STOREKEEPERS — SAFE CONDITION OF PREMISES — CUSTOMERS.

A storekeeper has the duty to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition caused by the active negligence of himself and his employees or, if otherwise caused, where it is known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it.

*Jeffrey J. Himelhoch,* for plaintiffs.

*Wascha, Iamarino & Waun, P.C.* (by *Steven P. Iamarino* and *Dean T. Yeotis*), for defendant.

Before: SHEPHERD, P.J., and BEASLEY and GRIBBS, JJ.

PER CURIAM. Plaintiffs appeal as of right from a June 27, 1988, order granting summary disposition under MCR 2.116(C)(10) in favor of defendant K mart. We reverse.

This case arises out of a slip and fall on the premises of a K mart store on the morning of December 13, 1984. Principal plaintiff Donna Andrews allegedly slipped and fell on a rug as she was leaving the store. In their September 24, 1986, complaint, plaintiffs allege that defendant or its employees had negligently permitted the rug to be rolled up in a dangerous position and also failed to adequately warn Donna Andrews of this dangerous condition. As a result of defendant's negligence,

Donna Andrews allegedly fell and sustained personal injuries.

In June, 1988, defendant moved for summary disposition under MCR 2.116(C)(10) on two alternative theories: (1) plaintiffs' proofs were speculative as to whether a defective condition existed at the time of Donna Andrews' fall or was the cause of that fall and (2) even assuming that a defective condition existed, there was insufficient notice of the condition so as to allow defendant to remedy it. The trial court addressed both theories, but the opinion reflects that summary disposition was primarily granted for the reason that "there was no evidence that anything existed which would have put the store on notice of a dangerous or defective condition."

On appeal, plaintiffs contend that summary disposition was inappropriate as to both theories because genuine issues of material fact existed. We agree.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for the claim. *Henry v Hospital & Health Services Credit Union,* 164 Mich App 90, 92; 416 NW2d 338 (1987). The court must consider the pleadings, affidavits, admissions, and documentary evidence available to it. *Id.* The test is whether the record which might be developed, giving the benefit of any reasonable doubt to the nonmoving party, will leave open an issue upon which reasonable minds might differ. The court shall be liberal in finding a question of material fact. *Jubenville v West End Cartage, Inc,* 163 Mich App 199, 203; 413 NW2d 705 (1987), lv den 429 Mich 881 (1987). The motion must not be granted unless the court is satisfied that it is impossible to support the claim because of some deficiency which cannot be overcome. *Henry, supra,* pp 92-93.

With regard to the issue of whether plaintiffs' proofs were speculative as to the existence of the defect and causation, we conclude that the record reflects that a genuine issue of material fact existed. Defendant correctly argues that the mere occurrence of a fall is not enough to raise a legitimate inference of negligence. *Stefan v White,* 76 Mich App 654, 661; 257 NW2d 206 (1977). However, giving the benefit of any reasonable doubt to the plaintiffs, the record reflects more than the occurrence of a fall. The deposition testimony of the day porter for the store, Hardee Jones, indicates that the rugs used by the store had a tendency to curl up in the wintertime. Plaintiff Donna Andrews' accident occurred on December 13, 1984. Although Donna Andrews did not see the condition of the rug at the precise moment of her fall, her deposition testimony reflects that she felt this alleged defect. Donna Andrews testified that "I just felt my shoe catch it [the rug] . . . I don't know if it was the toe or the heel. I do know that it was my shoe that caught it" and "I felt something under my foot, and I could not take another step with that foot, so I just went down." Immediately thereafter, Donna Andrews observed that the rug was curled up at the place where she fell. This was supported by the deposition testimony of her husband, who also recalled seeing the curled-up condition of the rug after the fall. Although their deposition testimony conflicted with that of defendant's employee, assistant manager Vicki Carson, their deposition testimony gives rise to a legitimate inference that the alleged defect, i.e., the curled-up rug, existed at the time Donna Andrews fell and, in fact, was a cause of that fall. A genuine issue of material fact existed and, hence, a grant of summary disposition

on this theory would be inappropriate.[1] Compare *Little v Borman Food Stores, Inc,* 33 Mich App 609, 612; 190 NW2d 269 (1971).

As for the second theory relied upon by defendant in moving for summary disposition, specifically, the lack of sufficient notice of this alleged defect, we conclude that the trial court erred in finding that there was no evidence that anything existed which would have put the store on notice of a dangerous or defective condition.

This concept of notice or knowledge on the part of the proprietor of a business is related to the question of whether the proprietor breached its duty to exercise care to render the premises reasonably safe for business invitees. See *Corbett v Heck,* 20 Mich App 708, 716; 174 NW2d 618 (1969) (LEVIN, P.J., dissenting). Where, as here, the liability of a storekeeper is at issue, the law is well settled. As stated in *Serinto v Borman Food Stores, Inc,* 380 Mich 637, 640-641; 158 NW2d 485 (1968), quoting from the syllabus in *Carpenter v Herpolsheimer's Co,* 278 Mich 697; 271 NW 575 (1937):

> It is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or *has*

[1] The rug was about three feet by five feet in size with a rubberized edge. Donna Andrews described the curled-up condition as a ¾-inch elevation in the middle of one of the rubberized edges. Defendant argues that Donna Andrews conceded in her deposition testimony that she may have caused the rug to curl up when she fell. However, our review of her deposition testimony indicates that Donna Andrews did not see the rug's condition until she fell and, hence, this would be mere speculation. Donna Andrews' deposition testimony on what she saw after her fall, when viewed with her testimony on what she felt during her fall, is what demonstrates a genuine issue of material fact.

*existed a sufficient length of time that he should
have had knowledge of it.* [Emphasis in *Serinto.*]

See also *Galloway v Sears, Roebuck & Co,* 27 Mich
App 348, 350; 183 NW2d 354 (1970).

Here, we agree with the trial court's conclusion
that there was nothing in the record to indicate
that defendant had actual notice of the defect, i.e.,
the curled condition of the rug upon which Donna
Andrews fell. Although the deposition testimony
established that defendant's employees made regu-
lar inspections and routinely replaced defective
rugs, there was no proof that any employee of the
defendant knew that the particular rug upon
which Donna Andrews fell was defective prior to
her fall. We reject plaintiffs' suggestion that a
presumption should be recognized in their favor
that defendant had actual notice because a tour
book maintained by the assistant manager to rec-
ord conditions observed during her inspection that
needed attention, such as the replacement of a
rug, was not available. Such a presumption only
arises where there has been a deliberate destruc-
tion of evidence. *Ritter v Meijer, Inc,* 128 Mich
App 783, 786; 341 NW2d 220 (1983). Even giving
the benefit of any reasonable doubt in favor of
plaintiffs, the record reflects only that the tour
book "probably" no longer existed because it was
destroyed within the regular course of business.

However, we agree with plaintiffs' assertion that
the proofs submitted to the trial court support at
least an inference of constructive notice on the
part of defendant. Under this theory, the question
is not whether the defendant had actual notice
that the particular rug upon which Donna An-
drews fell was unsafe due to a curled-up condition,
but rather whether defendant should have known
that the rug was of such a character that it would

curl up in the wintertime, thereby creating an unsafe condition for business invitees. The deposition testimony of defendant's two employees clearly reflects a factual basis for legitimately inferring such knowledge. Indeed, giving the benefit of every reasonable doubt in favor of plaintiffs, one could argue that defendant's employees were actively negligent in creating the defective condition inasmuch as it was the employees' practice to replace defective rugs with rugs of like quality, despite their knowledge that the rugs had a tendency to curl up in the wintertime.

On the basis of this record, a legitimate inference could be drawn that defendant breached its duty to keep the store premises in a reasonably safe condition for its business invitees. Therefore, it was error to grant summary disposition under MCR 2.116(C)(10) in favor of defendant.

Reversed.