*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ANN GRAINGER,

UNPUBLICATION
July 28, 2022

Plaintiff-Appellant,

v

No. 357565
St. Clair Circuit Court
LC No. 19-000218-NO

R.A.M. DEVELOPMENT, INC.,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and MURRAY, and BORRELLO, JJ.

PER CURIAM.

Plaintiff, Ann Grainger, appeals as of right the trial court's order granting summary disposition to defendant, R.A.M. Development, Inc. Because the trial court did not err by granting summary disposition, we affirm.

## I. BASIC FACTS

On November 1, 2017, Grainger, an 81-year-old woman, fell while returning to the dining room from the women's restroom at the defendant's former restaurant, the Big River Grill. At the time of Grainger's fall, the path from the women's restroom to the dining room required the restaurant's patrons to navigate a short hallway and a single step. Photographs taken after Grainger's fall show that there was a color contrast between the floor in the hallway and the floor at the bottom of the step: the hallway floor was red and the floor at the bottom of the step was light brown. At the bottom of the step was a wide strip of bright pink tape and at the top there was an angled piece of metal to protect the edge of the carpet from wear. A metal handrail was affixed to the wall near the step. The step was approximately 8 ¾ inches high, which was nearly 1 ¾ inches higher than permitted by local building code.

As a result of her fall, Grainger was transported by ambulance to a hospital, where she sustained a second fall. Grainger filed suit against defendant, raising a premises liability claim. Defendant denied the allegations in its answer and, subsequently, it moved for summary disposition under MCR 2.116(C)(10), arguing that there was no genuine issue of material fact that the danger posed by the step was open and obvious and that there were no special aspects that would render the danger unreasonably dangerous or effectively unavoidable. The trial court

agreed with defendant and entered an order summarily dismissing Grainger's claim. This appeal follows.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Grainger argues that the trial court erred by granting summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

> A motion under MCR 2.116(C)(10) . . . tests the *factual sufficiency* of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019) (quotation marks and citation omitted)].

## B. ANALYSIS

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012) (quotation marks and citation omitted). Because Grainger was on defendant's property for a commercial purpose, she was an invitee. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000). A premise possessor generally "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Bhualis*, 296 Mich App at 693. "Absent special aspects, this duty does not extend to open and obvious dangers." *Id*.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461, 470; 821 NW2d 88 (2012). "This is an *objective standard*, calling for an examination of 'the objective nature of the condition of the premises at issue.' " *Id*., quoting *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 523-524; 629 NW2d 384 (2001).

Generally, the danger posed by tripping and falling on a step is open and obvious. *Bertrand v Alan Ford, Inc*, 449 Mich 606, 614; 537 NW2d 185 (1995); see also *Lugo*, 464 Mich at 517. As explained by our Supreme Court:

> [B]ecause steps are the type of everyday occurrence that people encounter, under most circumstances, a reasonably prudent person will look where he [or she] is going, will observe the steps, and will take appropriate care for his [or her] own safety. Under ordinary circumstances, the overriding public policy of encouraging

> people to take reasonable care for their own safety precludes imposing a duty on the possessor of land to make ordinary steps "foolproof." Therefore, the risk of harm is not unreasonable. [*Bertrand*, 449 Mich at 616-617.]

It is only when "there is something unusual about the steps, because of their character, location, or surrounding conditions, that the duty of the possessor of land to exercise reasonable care remains." *Id*. at 617 (quotation marks and citation omitted).

Here, the step was visible upon casual inspection. Although there is a question of fact as to whether the hallway itself was dark or well lit, there is no evidence that the dark nature of the hallway precluded anyone from seeing the step. There was a strip of metal at the edge of the step and a metal handrail on the wall to assist patrons with navigating the step. Moreover, the record reflects that there was a sign advising patrons to "watch your step." Finally, the step was marked by a wide strip of pink tape at its base. Although not visible by individuals coming from the restroom to the dining room, it would have been clearly observable by individuals walking from the dining room to the bathroom. Thus, even viewing the evidence in the light most favorable to Grainger, the danger posed by the step was open and obvious.

Nevertheless, Grainger contends that the step had an unusual character because it was excessively high, was at the end of a dark hallway, and was at the bottom of a "ramp." She argues on appeal that because of those conditions, she was unable to appreciate the height of the step, which led to her being "propelled to the ground." Grainger, however, was not deposed. Instead, her treating physician submitted a letter explaining that Grainger had been diagnosed with Alzheimer's Disease, and that, in light of that diagnosis, she would "be unlikely to recall specific events, dates or times." Consequently, Grainger's lawyer relied on an affidavit prepared by Grainger's friend, Roberta Draft. Draft averred that she and Grainger were returning from the restroom. She stated that the hallway was a "ramp" that seemed to propel her forward. When she reached the step, she "misjudged the height of the step and stumbled." She explained that the hallway was "very dark" and that it was "difficult to see" when she arrived "at the bright dining room." She stated that after she stumbled, she witnessed Grainger "have the same difficulties with the step that I did, but she was unable to catch herself" and "was propelled forward hitting the floor."

Draft's testimony amounts to nothing more than speculation that the reason Grainger fell was because she was unable to appreciate the height of the step. Draft surmised that because she misjudged the height of the step and stumbled, Grainger must have also misjudged the height of the step and stumbled. Her conclusion, however, is speculation, i.e., "an explanation consistent with known facts or conditions, but not deducible from them as a reasonable inference." *Estate of Trueblood v P & G Apts, LLC*, 327 Mich App 275, 289; 933 NW2d (2019). "Speculation cannot create a question of fact." *Id*. A plaintiff has no right to "submit an evidentiary record to the jury that would allow the jury to do nothing more than guess." *Skinner v Square D Co*, 445 Mich 153, 174; 516 NW2d 475 (1994). Moreover, the mere occurrence of a fall is insufficient to raise an inference of negligence on the part of the premises' owner. *Andrew v K-Mart Corp*, 181 Mich App 666, 669; 450 NW2d 27 (1989). Here, even viewing the evidence in the light most favorable to Grainger, the evidence does not show that the reason that she fell was because she was unable to appreciate the height of the step.

Next, Grainger contends that even if the danger was open and obvious, there are special aspects to it that made it unreasonably dangerous and effectively unavoidable. "[A]s a limited exception to the circumscribed duty owed for open and obvious hazards, liability may arise when special aspects of a condition make even an open and obvious risk unreasonable." *Hoffner*, 492 Mich at 461. Our Supreme Court "has discussed two instances in which the special aspects of a condition could make an open and obvious risk unreasonable: when the danger is *unreasonably dangerous* or when the danger is *effectively unavoidable*." *Id*. at 463. "In either circumstance, such dangers are those that give rise to a uniquely high likelihood of harm or severity of harm if the risk is not avoided and thus must be differentiated from those risks posed by ordinary conditions or typical open and obvious hazards." *Id*. (quotation marks and emphasis omitted). "[N]either a common condition nor an avoidable condition is uniquely dangerous." *Id*.

"[T]he standard for effective unavoidability is that a person, for all practical purposes, must be *required* or *compelled* to confront a dangerous hazard." *Bowman v Walker*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (No. 355561); slip op at 3, quoting *Hoffner*, 492 Mich at 468 (quotation marks omitted). If a plaintiff has a reasonable alternative available to avoid confronting a dangerous hazard, then the condition is not effectively unavoidable. *Bowman*, ___ Mich App at ___; slip op at 4. Grainger contends that the only way out of the women's restroom required her to navigate the step. Yet, the record reflects that there was a unisex bathroom available to her that did not require her to encounter the step. Consequently, the danger posed by the step was avoidable.

Grainger next asserts that the step was unreasonably dangerous because it was excessively high, because there was a lighting contrast between the hallway and the dining room, and because it was at the end of a ramp. Even viewing the record in the light most favorable to Grainger, however, none of those conditions allows for an inference that the step presented an *unreasonable* danger. Although "code violations may provide some evidence of negligence," this Court has held that "[t]he critical inquiry is [still] whether there is something unusual about [the alleged hazard] that gives rise to an unreasonable risk of harm." *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 720; 737 NW2d 179 (2007) (quotation marks and citation omitted). Here, the step was still less than a foot high. See *Corey v Davenport College of Business*, 251 Mich App 1, 6-7; 649 NW2d 392 (2002) (holding that snow- and ice-covered steps were not unreasonably dangerous because, "[u]nlike falling an extended distance, it cannot be expected that a typical person [falling a distance of several feet] would suffer severe injury or a substantial risk of death."). The step's impermissible height did not transform the danger in this case to one that is unreasonable. Nor did the lighting contrast between the dining room and the hallway or the presence of a ramp leading to that step. Both of those conditions only increased the chances of a patron tripping and falling on the step. They did not increase the danger that such a fall would cause.

Affirmed. Defendant may tax costs as the prevailing party. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello