*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAMIE SANDERS-BROWN,

        Plaintiff-Appellant,

v

MEIJER, INC.,

        Defendant-Appellee.

UNPUBLISHED
July 6, 2023

No. 360786
Wayne Circuit Court
LC No. 20-011871-NO

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

In this slip-and-fall case, plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition on the ground that defendant did not have notice of the slippery condition. We affirm.

## I. BACKGROUND

This case arises from an incident on August 4, 2020, at a Meijer store in Livonia, Michigan. When plaintiff entered the store, she took a grocery cart and headed toward the frozen-food section located near the main entrance. When plaintiff went to turn left into the frozen-food aisle, she slipped, her feet went in two different directions, and she landed on her bottom. Plaintiff testified that her left foot hit the bottom of a freezer. Plaintiff realized she was sitting in water after her fall because her clothes were wet. Plaintiff described the spot of water as a puddle. Ernest Banks was defendant's store detective on duty that day and described the water as a "small puddle" in his e-mail summarizing the incident. At his deposition, Banks described the water as a "couple streaks." Other employees described the puddle as "golf ball" or "baseball" size, and as a "small amount of water." These descriptions are more or less consistent with photographs of the water taken by plaintiff after her fall.

The primary issue in this case is whether defendant had notice of the water that caused plaintiff's fall. Plaintiff claims that defendant had constructive notice of the puddle because defendant knew its freezers and coolers were prone to leak condensation onto the floor during summer. Multiple store employees were deposed and generally agreed that the freezers and coolers leaked water during warm months. The employees explained that sometimes they placed

-1-

absorbent socks in the aisles as a preventative measure to keep water from collecting near the coolers. After the incident, plaintiff's counsel took photographs from the Meijer in Livonia and other Meijer stores showing condensation leakage and water accumulation from the frozen-food freezers.

After discovery was completed, defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), on the ground that plaintiff had no evidence identifying the source of the puddle and failed to establish a question of fact that the source of the water was a leaking freezer. Defendant relied on plaintiff's deposition testimony that she did not see water coming from the freezer, and she did not know where the water originated. Similarly, Meijer employees who responded to plaintiff's fall also did not know from where the water originated. Further, no employee noticed the freezers leaking on the day plaintiff fell. Accordingly, defendant argued, there was no evidence establishing that the freezer nearest the water puddle was leaking on the day of plaintiff's fall. In response, plaintiff argued that the sum of the evidence, including that freezer leakage during hot summer months was a common occurrence in Meijer stores, either demonstrated that defendant had notice of the hazard or created a genuine issue of material fact regarding notice.

After hearing oral argument, the trial court granted defendant's motion for summary disposition. The court concluded that there was no objective evidence that the freezer in question—the endcap freezer adjacent to the main aisle where plaintiff fell—was leaking, or that if it was leaking, it produced a trail of water that would have given defendant notice of the leak. The court also found plaintiff's theory, that defendant had notice of the water because other freezers in that Meijer and different Meijer stores leaked, was insufficient to create a genuine issue of material fact regarding defendant's notice of the puddle plaintiff encountered.

## II. ANALYSIS

On appeal, plaintiff argues that the trial court erred by granting defendant's motion for summary disposition on the basis that plaintiff failed to create a genuine issue of material fact regarding whether defendant had notice of the slippery condition. We disagree.[1]

In general, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Finazzo v Fire Equip Co*, 323 Mich App 620, 626; 918 NW2d 200 (2018) (quotation marks and citation omitted). "Breach occurs if the premises owner knows or should have known of a

---

[1] A trial court's decision on a motion for summary disposition is reviewed de novo. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52; 684 NW2d 320 (2004). When reviewing a motion under MCR 2.116(C)(10), the court considers the affidavits, depositions, pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 461; 646 NW2d 455 (2002). Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

dangerous condition and fails to protect invitees via repair, warning, or other appropriate mitigation of the danger under the given circumstances." *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 563; 984 NW2d 511 (2021). Accordingly, "actual or constructive notice of the relevant dangerous condition is an essential element in establishing a premises liability claim." *Id*. A defendant can "establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 18; 930 NW2d 393 (2018).

In this case, plaintiff argues that defendant had constructive notice of the slippery condition. Generally, constructive notice may arise from the passage of time, from the type of condition involved, "or from a combination of the two elements." *Banks v Exxon Mobil Corp*, 477 Mich 983 (2007). Plaintiff, however, is not claiming that the puddle had existed for a sufficient amount time or was of such a character that it should have been discovered by defendant. Rather, plaintiff argues that defendant had constructive notice because accumulated water on store floors caused by leaking freezers is a recurring condition at Meijer stores. This theory of constructive notice is consistent with our decision in *Andrews v K Mart Corp*, 181 Mich App 666, 669; 450 NW2d 27 (1989), where the plaintiff tripped over a curled rug when leaving the store during winter. We held that there was a question of fact as to whether the defendant had constructive notice of this condition when there was evidence that the defendant knew the rugs tended to curl up in wintertime. *Id*. at 672.

But while plaintiff presents a viable theory, she fails to establish a necessary premise to her claim, i.e., that the puddle which caused her fall resulted from a leaking freezer. Neither plaintiff nor any of the employees were able to trace the origin of the puddle of water, and there was no evidence that any of the store's freezers were leaking on the day plaintiff fell. Plaintiff also did not present any evidence showing that the particular freezer where she fell was known to leak. Further, the evidence regarding the puddle's proximity to the freezer is insufficient to create a material question of fact.[2] Plaintiff testified that the puddle was "right in front of the freezer," and Banks testified that "there was a wet spot near the cooler." However, it is unclear from the photographs taken by plaintiff how close the puddle was to the freezer, and there does not appear to be a trail of water connecting the two. Under these circumstances, a conclusion that the puddle originated from a leaking freezer would necessarily be based on speculation. See *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 289; 933 NW2d 732 (2019) ("Speculation cannot create a question of fact.").

The foregoing also precludes plaintiff's alternative argument that defendant's active negligence in maintaining the freezer created the hazardous puddle that caused plaintiff to fall, negating the need to show defendant had actual or constructive notice of the hazardous condition. See *Pugno*, 326 Mich App at 18 ("Where the possessor is the one who created the condition, knowledge of the condition is imputed to the possessor . . . ."). See also *Williams v Borman's Foods, Inc*, 191 Mich App 320, 321; 477 NW2d 425 (1991) (explaining notice is not necessary

---

[2] Defendant's reliance on evidence regarding plaintiff's location after her fall is unpersuasive. Specifically, that plaintiff was found by store employees resting against the pallets in the middle of the main aisle says nothing about the location of the wet spot.

where the defendant created the dangerous condition through its own active negligence). Under this theory, in order to establish that any negligence by defendant in maintaining the freezer was the cause of her injuries, plaintiff would still need to show that the water she slipped on originated from the freezer. For the reasons discussed, plaintiff has not established a question of fact on that matter.

In summary, the trial court did not err by concluding that plaintiff failed to create a genuine issue of material fact regarding whether defendant had notice of the slippery condition.[3]

Affirmed.

/s/ Noah P. Hood
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates

---

[3] Given this conclusion, we need not address defendant's argument regarding the open and obvious doctrine.