DECKER v FLOOD

Docket No. 224482. Submitted June 5, 2001, at Grand Rapids. Decided
October 26, 2001, at 9:15 A.M.

Erik J. Decker and his wife, Vicki Decker, brought an action in the
Kent Circuit Court against Kevin Flood, D.D.S., and Kevin Flood,
D.D.S., P.C., for damages allegedly suffered as a result of the failure
of Dr. Flood to properly perform root canal procedures on two of
Erik Decker's teeth. At the time of the root canal procedures, Dr.
Flood was a dentist engaged in the general practice of dentistry.
Attached to the plaintiffs' complaint was an affidavit of merit
signed by Michael J. Gallagher, D.D.S., in which Dr. Gallagher was
described as a doctor of dental surgery and a member of the Amer-
ican Association of Endodontists and in which Dr. Gallagher stated
that he was familiar with the standard of practice for a dental sur-
geon treating a patient with Erik Decker's complaints and opined
that Dr. Flood had breached the standard of practice by failing to
properly drill, clean, fill, or pack the root canals or to properly
remove tissue and filling material from the root canals. The defen-
dants moved for summary disposition, arguing that the affidavit of
merit did not satisfy the requirements of MCL 600.2169(1)(c)
because the plaintiffs' attorney could not have reasonably believed
that Dr. Gallagher met the requirements for an expert witness
under MCL 600.2169. The defendants argued that because MCL
600.2169(1)(c) allows only persons engaged in active clinical prac-
tice as a general practitioner or certain health profession instruc-
tors to give expert testimony concerning the appropriate standard
of practice or care in an action against a general practitioner and
because Dr. Gallagher was not a general practitioner but rather was
a specialist in endodontics, Dr. Gallagher was not qualified under
MCL 600.2169(1)(c) to give expert testimony concerning the stan-
dard of practice or care required of a dentist engaged in the general
practice of dentistry and, accordingly, Dr. Gallagher's affidavit
could not satisfy the affidavit of merit requirement of MCL
600.2912d(1). The court, Paul J. Sullivan, J., granted summary dis-
position for the defendants, finding that Dr. Gallagher was not a
general practitioner and that it was uncontroverted that Dr. Gal-
lagher specialized in endodontics and holding that Dr. Gallagher, as
a specialist, could not give expert testimony concerning the stan-

dard of practice or care expected of Dr. Flood, a general practitioner, and that, accordingly, Dr. Gallagher's affidavit could not satisfy the affidavit of merit requirement of MCL 600.2912d(1). The plaintiffs appealed.

The Court of Appeals *held*:

1. MCL 600.2912d(1) requires that a complaint alleging medical malpractice be filed with "an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under" MCL 600.2169. MCL 600.2169(1)(c) provides that in an action alleging malpractice against a general practitioner, the expert witness giving expert testimony concerning the appropriate standard of practice or care must have been engaged in active clinical practice as a general practitioner or in the instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession as the party against whom or on whose behalf the testimony is offered is licensed.

2. Because the term "general practitioner" is not defined in the statute and does not appear to be a technical term, it should be given its plain and ordinary meaning, which is a medical practitioner whose practice is not limited to any specific branch of medicine. A general practitioner is contrasted with a specialist, which is a medical practitioner who deals with a particular class of diseases, conditions, or patients. Because it is uncontroverted that Dr. Gallagher is an endodontist who limits his practice to root canal procedures, he is a specialist rather than a general practitioner and thus is not qualified under MCL 600.2169(1)(c) to give expert testimony concerning the standard of practice or care imposed on Dr. Flood, a general practitioner. Because Dr. Gallagher was not qualified under MCL 600.2169(1)(c) to give expert testimony, his affidavit of merit did not satisfy the requirements of MCL 600.2912d(1). Accordingly the trial court properly granted the defendants summary disposition.

3. Even if the plaintiffs' assertion that the Legislature's statutory scheme produces an absurd result, it is not the function of the judiciary to correct the Legislature's clear expressions of policy choices as long as the legislative choices do not offend the constitution. Moreover, there is nothing absurd or unreasonable in the Legislature's decision that a witness giving expert medical testimony concerning the proper standard of practice or care have the same qualifications as the medical professional against whom the expert intends to testify.

Affirmed.

NEFF, P.J., concurring, stated that, although not raised or argued in this case, MCL 600.2912d(1) requires only that the affidavit of

merit be signed by a health professional who the plaintiff's attorney "reasonably believes" meets the requirements of an expert witness under MCL 600.2169. Accordingly, the statutory requirement would seem to be met where counsel reasonably, although mistakenly, believes the affiant is qualified as an expert witness under MCL 600.2169.

1. WORDS AND PHRASES — GENERAL PRACTITIONER — REVISED JUDICATURE ACT.
   The term "general practitioner" as used in § 2912d of the Revised Judicature Act means a medical practitioner whose practice is not limited to any specific branch of medicine (MCL 600.2912d).

2. WITNESSES — EXPERT WITNESSES — MEDICAL MALPRACTICE — STANDARD.
   A medical specialist—that is, a medical practitioner who deals with a particular class of diseases, conditions, or patients—may not give expert testimony concerning the standard of practice or care imposed on a general practitioner (MCL 600.2912d).

*Schenk & Boncher* (by *Curtis D. Rypma*), for the plaintiffs.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg*), for the defendants.

Before: NEFF, P.J., and DOCTOROFF and WILDER, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's decision to grant defendants' motion for summary disposition and to dismiss without prejudice plaintiffs' complaint alleging dental malpractice. We affirm.

On January 13, 1997, defendant Kevin Flood[1] examined plaintiff Erik Decker,[2] who was complaining of pain, determined that plaintiff needed a

---

[1] According to plaintiff's complaint, defendant Kevin Flood, D.D.S., P.C., is the corporate entity under which defendant Kevin Flood practiced dentistry and is vicariously liable for Flood's alleged malpractice. For purposes of clarity, the singular term "defendant" will be used to refer to Kevin Flood, D.D.S.

[2] Plaintiff Vicki Decker is the spouse of plaintiff Erik Decker and asserts only derivative claims. For purposes of clarity, the singular term "plaintiff" will be used to refer to Erik Decker.

root canal on two of his teeth, and began the procedure on that date. On January 21, 1997, the same day that defendant completed the root canal procedure, plaintiff began to experience pain, telephoned defendant, and was instructed to return to defendant's office. According to plaintiffs' complaint, after defendant administered three successive injections of Novocaine, plaintiff became cold, began to shake, and eventually stopped breathing. Plaintiffs further alleged that defendant administered cardiopulmonary resuscitation. Plaintiff was taken by ambulance to a hospital and released the following day. Plaintiffs also claimed that another dentist referred plaintiff to an endodontist[3] who repaired and completed the root canal begun by defendant.

Plaintiffs filed their complaint on June 18, 1999. Attached to the complaint was an affidavit of merit signed by Michael J. Gallagher, D.D.S. According to the affidavit, Dr. Gallagher is a "doctor of dental surgery" and a member of the American Association of Endodontists. In the affidavit, Dr. Gallagher stated that he was familiar with the standard of practice for a dental surgeon treating a patient with plaintiff's complaints and opined that defendant breached the standard of practice by failing to properly drill, clean, fill, or pack the root canal or properly remove the tissue and filling material. Dr. Gallagher also claimed that defendant's breach of the standard of practice was a proximate cause of plaintiff's pain and that he, Dr. Gallagher, "had to perform a root canal retreatment" on plaintiff's teeth to address plaintiff's pain.

---

[3] According to *Random House Webster's College Dictionary* (1997), endodontics is "the branch of dentistry dealing with the prevention, diagnosis, and treatment of diseases of the dental pulp."

On September 11, 1999, defendants answered plaintiffs' complaint. On September 28, 1999, defendants filed a motion for summary disposition under MCR 2.116(C)(8) and (C)(10). In their motion, defendants argued that defendant Dr. Flood was a dentist in general practice in January 1997 and MCL 600.2912d required plaintiffs to file with their complaint an affidavit of merit signed by a health professional who plaintiffs' attorney reasonably believed met the requirements of MCL 600.2169. According to defendants, Dr. Gallagher specialized in endodontics and, therefore, plaintiffs failed to file an affidavit of merit that met the requirements of MCL 600.2912d and MCL 600.2169, and plaintiffs' complaint should be dismissed.

In response to defendants' motion, plaintiffs argued that both defendant and Dr. Gallagher are general practitioners who perform root canals, with the only difference being that Dr. Gallagher performs only root canals. Plaintiffs argued that the statute "did not make sense," because it precluded Dr. Gallagher, whose practice was limited to root canals, from giving expert testimony concerning the standard of practice for root canals. Plaintiffs further argued that the statute was intended to prevent a professional who has no experience at all in a given area from rendering an expert opinion.

The trial court rejected plaintiffs' argument that Dr. Gallagher was a general practitioner and found that the evidence was uncontroverted that he specialized in root canals. The trial court also stated that the statute clearly precludes an expert who is not a general practitioner from giving expert testimony concerning the standard of practice required for a general practitioner. The court further noted that the Supreme

Court affirmed the Legislature's right to set standards for experts in medical malpractice cases and that, regardless of whether the statute creates an unfair standard, the court was unable to "square the wording of the statute to the facts here." The court granted defendants' motion and dismissed plaintiffs' complaint without prejudice, noting that there may be a statute of limitations problem.

On appeal, plaintiffs argue that the trial court erred in finding that their affidavit of merit did not comply with MCL 600.2912d and in granting defendants' motion for summary disposition. We review de novo a trial court's decision on a motion for summary disposition. *Holmes v Michigan Capital Medical Center*, 242 Mich App 703, 706; 620 NW2d 319 (2000).

In this case, defendants moved for summary disposition under MCR 2.116(C)(8) and (C)(10). It is not apparent from the trial court's statements on the record or the order entered by the court whether it granted the motion under subsection C(8) or subsection C(10). However, because it is clear that the court relied on evidence outside the pleadings in order to make its determination that Dr. Gallagher did not qualify as an expert under MCL 600.2169, we review this motion under the standard for MCR 2.116(C)(10).[4] MCR 2.116(G)(5); *Smith v Globe Life Ins Co*, 460 Mich 446, 455; 597 NW2d 28 (1999).

---

[4] The court necessarily considered the statements in plaintiffs' affidavit of merit in making its determination whether to grant defendants' motion for summary disposition. The affidavit, although attached to plaintiffs' complaint, does not meet the definition of a "pleading" under the court rules. MCR 2.110(A). In addition, the transcript of the hearing regarding defendants' motion indicates that defense counsel provided the court with documentation from an internet web site of the American Association of Endodontists that, according to defense counsel, explained "what it is to

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of a claim. *Smith, supra* at 454. The reviewing court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties in the light most favorable to the non-moving party. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The court should grant the motion only if the affidavits or other documentary evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

The issue before us in this case involves the requirements for the expert who signs the affidavit of merit that a medical malpractice plaintiff must file with the complaint pursuant to MCL 600.2912d. The statute requires that "the plaintiff in an action alleging medical malpractice . . . file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]." MCL 600.2912d(1). MCL 600.2169(1) states:

> In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:
>
> *       *       *
>
> (c) If the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted

---

be an endodontist." However, this information is not attached to defendants' motion or brief, nor does it appear in the lower court record.

a majority of his or her professional time to either or both of the following:

(i) Active clinical practice as a general practitioner.

(ii) Instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed.

The determination of this issue requires us to interpret the language of two statutes. The primary goal of statutory construction is to determine and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc,* 456 Mich 511, 515; 573 NW2d 611 (1998). The specific language of the statute is the first source for determining the Legislature's intent, and when the language of the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed and judicial construction is not required or permitted. *In re MCI Telecommunications Complaint,* 460 Mich 396, 411; 596 NW2d 164 (1999).

Unless otherwise defined in the statute, words or phrases should be accorded their plain and ordinary meanings, and technical terms should be construed according to their peculiar meanings. MCL 8.3a; *Western Michigan Univ Bd of Control v Michigan,* 455 Mich 531, 539; 565 NW2d 828 (1997). Also, the reviewing court should presume that every word has some meaning and should avoid a construction that would render any part of a statute surplusage or nugatory. *People v Borchard-Ruhland,* 460 Mich 278, 285; 597 NW2d 1 (1999).

Here, plaintiffs claim that their expert, Dr. Gallagher, meets the qualifications of MCL 600.2169(1) because both defendant and Dr. Gallagher are general

practitioners who perform root canals, with the only difference being that Dr. Gallagher limits his practice to root canals. Plaintiffs' argument requires an interpretation of the meaning of the concept "general practitioner" in the statute. Because this term is not defined in the statute and does not appear to be a technical term, we look to its plain and ordinary meaning. *Western Michigan Univ Bd, supra* at 539. The term "general practitioner" is commonly defined as "a medical practitioner whose practice is not limited to any specific branch of medicine." *Random House Webster's College Dictionary* (1997). By contrast, the term "specialist" is defined as "a medical practitioner who deals only with a particular class of diseases, conditions, patients, etc." *Id.*[5]

It is apparent from plaintiffs' admission that because Dr. Gallagher "limits his practice" to root canals, he does not meet the definition of a general practitioner and is, in fact, a specialist. Further, it was undisputed that Dr. Gallagher is an endodontist, which is defined as "one who *specializes* in the practice of endodontics." *Stedman's Medical Dictionary* (26th ed) (emphasis added). Applying the ordinary meaning of general practitioner as one who does not limit his practice to any particular branch of medicine, Dr. Gallagher clearly does not satisfy the requirements of MCL 600.2169 and, therefore, would not be qualified to offer expert testimony on the standard of practice of a general practitioner, such as defendant Dr. Flood. Because Dr. Gallagher is precluded by MCL 600.2169 from testifying regarding

---

[5] Specialist is also defined as "[o]ne who devotes professional attention to a particular specialty or subject area." *Stedman's Medical Dictionary* (26th ed).

defendant's standard of practice, there is no genuine dispute that the affidavit of merit attached to plaintiffs' complaint does not comply with the requirements of MCL 600.2912d(1), and defendants were entitled to judgment as a matter of law.

Plaintiffs also argue that the trial court's interpretation of the statute leads to the absurd result that a person who is eminently qualified to testify regarding the standard of practice required for performing root canals is not qualified to testify in this matter. Plaintiffs further assert that "statutes are to be construed so as to avoid absurd [sic] or unreasonableness," citing *Michigan Humane Society v Natural Resources Comm*, 158 Mich App 393, 401; 404 NW2d 757 (1987). However, our Supreme Court repudiated the use of the "absurd result" rule of statutory construction in a case such as this where the language of the statute is unambiguous. *People v McIntire*, 461 Mich 147, 155-158; 599 NW2d 102 (1999). The Supreme Court's decision in *McIntire* precludes this Court from utilizing rules of statutory construction to impose policy choices different from those selected by the Legislature. *Id.* at 152. " '[I]n our democracy, a legislature is free to make inefficacious or even unwise policy choices. The correction of these policy choices is not a judicial function as long as the legislative choices do not offend the constitution.' " *Id.* at 159, adopting as its own the language of Judge YOUNG's dissent in *People v McIntire*, 232 Mich App 71, 126; 591 NW2d 231 (1998). Clearly, it is not within our authority to second-guess the wisdom or reasonableness of unambiguous legislative enactments even where the literal interpretation of the statute leads to an absurd result.

Even if this Court had the authority to construe an unambiguous statute so as to avoid an alleged absurd

result, we would not agree with plaintiffs that the literal application of MCL 600.2912d and MCL 600.2169 leads to an absurd result in this case. We find no absurdity or unreasonableness in the requirement that the qualifications of a purported expert match the qualifications of the defendant against whom that expert intends to testify. See *Greathouse v Rhodes*, 242 Mich App 221, 231; 618 NW2d 106 (2000).

Affirmed.

NEFF, P.J. *(concurring)*. I concur in affirming the trial court's grant of summary disposition for defendants on the basis of the record in this case. I agree affirmance is the correct result, but write separately to address statutory considerations that ostensibly applied to plaintiffs' case, but were not raised.[1] My concern is that such considerations not be foreclosed in cases of this nature merely on the basis of our decision in this case.

MCL 600.2912d(1) provides, in relevant part:

> Subject to subsection (2),[2] the plaintiff in an action alleging medical malpractice or, if the plaintiff is represented by an attorney, the plaintiff's attorney shall file with the complaint an affidavit of merit signed by a health professional who the plaintiff's attorney *reasonably believes* meets the requirements for an expert witness under section 2169 [MCL 600.2169]. [Emphasis added.]

In this case, plaintiffs' counsel did not argue that he *reasonably believed* that the affidavit supplied met

---

[1] Counsel's failure to raise these arguments before the trial court precludes our consideration of these arguments on appeal. See *People v Carines*, 460 Mich 750, 761-762, n 7; 597 NW2d 130 (1999); *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999).

[2] The exception of subsection 2 pertains to access to medical records and does not apply in this case. See MCL 600.2912d(2).

the requirements of § 2169, even though it appears from the record that could have been the case. The standard set forth by the Legislature is clearly one of "reasonable belief." Applying the language of the statute, I conclude that if counsel reasonably, albeit mistakenly, believed that the affiant qualified as an expert witness under § 2169, then the trial court's subsequent finding to the contrary would not have been fatal to plaintiffs' case, i.e., a basis for summary disposition in favor of defendants. See *Scarsella v Pollak*, 461 Mich 547, 553, n 7; 607 NW2d 711 (2000) (distinguishing between the situation where the required affidavit of merit is wholly omitted and the situation where it is defective or inadequate).

Evidence of the levels of specialty and certifications with regard to the practice of dentistry was not set forth in the trial court.[3] Plaintiffs' counsel averred that Dr. Gallagher "has no additional degree or schooling than Dr. Flood, but chooses to limit his practice to root canal surgery."[4] Counsel maintained that Dr. Gallagher was a general practitioner and that the standard of care for performing root canal surgery is the same for Dr. Flood and Dr. Gallagher. It was counsel's contention that Dr. Gallagher's affidavit met the statutory requirements. There was at least an argument to be made that counsel *reasonably*

---

[3] Plaintiffs' counsel stated during oral argument that he was not aware of board certification for endodontists or whether it is similar to board certification in other areas of the medical field. It was defense counsel's contention that two to three years' additional training was required to specialize as an endodontist, according to information defense counsel obtained from the web site of the American Association of Endodontists.

[4] Plaintiffs' brief on appeal, however, calls this assertion into question, in stating: "Dr. Gallagher has additional training and is certified as an endodontist. Dr. Flood is not."

*believed* that the affidavit of merit met the statutory requirements.

No consideration was given to the fact that the standard of care required of Dr. Gallagher with regard to a root canal may in fact be the same as that for Dr. Flood despite the fact that Dr. Gallagher limits his practice to root canal surgery. Both Dr. Gallagher and Dr. Flood practice in the same local community, Grand Rapids, Michigan. In this case, the fact that Dr. Gallagher limits his practice to root canals is less likely to render him unfamiliar with the local standards applicable to a general practitioner. See *Birmingham v Vance*, 204 Mich App 418, 422; 516 NW2d 95 (1994) ("The standard of care for general practitioners is that of the local community or similar communities, while the standard for a specialist is nationwide."). The extent to which these circumstances bear, if at all, on the ultimate determination of the adequacy of the affidavit of merit under the statute is open to question.

This Court has previously addressed the fading logic in standard of care distinctions between general practitioners and specialists in cases such as this, where there is an overlap between the procedures performed by general practitioners and those who have specialized practices. *Id.* at 424-427. I concur with the well-reasoned opinion in *Vance*, in which Chief Judge DOCTOROFF stressed the need for further consideration and modification of standard of care requirements in view of the prolific advancements in communication and technology in recent years. *Id.*, citing *Siirila v Barrios*, 398 Mich 576; 248 NW2d 171 (1976), opinion by WILLIAMS, J. Today's communication and technology capabilities render meaningless any distinction in the standard of care "where a general

practitioner is providing a service that has become uniform throughout the nation such as a root canal . . . ." *Vance, supra* at 425, citing *Siirila, supra* at 615. Accordingly, I would urge the Legislature to revisit these requirements.