# STATE OF MICHIGAN

# COURT OF APPEALS

AMANDA TOLEN,

Plaintiff-Appellant,

v

RENEE N. KARSCHNICK,

Defendant,

and

ALPENA HOLLYWOOD SCHOOL OF
BEAUTY A & T HOLLYWOOD a/k/a PARDEE
TIME COSMETOLOGY SCHOOL, L.L.C.

Defendant-Appellee.

UNPUBLISHED
October 22, 2015

No. 321990
Alpena Circuit Court
LC No. 13-005400-NO

Before: BOONSTRA, P.J., and SAAD and HOEKSTRA, JJ.

PER CURIAM.

In this slip-and-fall case, plaintiff appeals from the circuit court's order that granted summary disposition in favor of defendant Alpena Hollywood School of Beauty (AHSB), the beauty school where appellant fell and injured herself. Because AHSB had no notice of the hazard and because the hazard was open and obvious, we affirm.

## I. BASIC FACTS

Plaintiff was a student at AHSB. As part of the students' training, they performed beautician services for customers.[1] On June 16, 2010, plaintiff was assigned to give a customer a pedicure. Before escorting the customer to the pedicure station, plaintiff set the station up, which included carrying a five-gallon bucket of water across the room and over to the station. After having escorted the customer to the pedicure station, plaintiff poured some of the water from the

---

[1] The customers acknowledged in signed forms that students were performing these services.

-1-

bucket into the pedicure tub.[2]  Plaintiff explained that after she filled the pedicure tub with water, she placed the bucket "behind [her] to the side."

After about five to seven minutes into the pedicure, plaintiff realized that a fellow student needed assistance due to fingernail polish remover getting in the student's eyes.  Plaintiff then excused herself from her customer, stood up, "took a step back," and slipped and fell in a large puddle of water that she did not see at the time.  Plaintiff explained that the puddle was large enough "to make me wet from my knee up to my shoulder when I landed" and added, "It was a good size amount of water."  Plaintiff also testified that the bucket of water she had placed behind her had been moved without her knowledge.

Plaintiff filed a complaint that alleged premises liability and negligence.  AHSB moved for summary disposition on the alternative grounds that the hazard that allegedly caused plaintiff to fall was an open and obvious one and that plaintiff failed to offer proof that AHSB knew of the hazard.  The trial court agreed with both of AHSB's arguments and granted summary disposition pursuant to MCR 2.116(C)(10).

## II.  STANDARD OF REVIEW

Review of a decision on a motion for summary disposition presents a question of law, which we review de novo.  *Veenstra v Washtenaw Country Club*, 466 Mich 155, 159; 645 NW2d 643 (2002).  A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support of a claim.  *Decker v Flood*, 248 Mich App 75, 81; 638 NW2d 163 (2001).  The court considers the pleadings, affidavits, and other evidence filed in the action or submitted by the parties in the light most favorable to the nonmoving party.  *Id.*  "The court should grant the motion only if the affidavits or other documentary evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Id.*

## III.  ANALYSIS

It is important to note that, while plaintiff alleged discrete counts of premises liability and ordinary negligence in her complaint, the trial court addressed the complaint as sounding solely in premises liability.[3]  On appeal, plaintiff does not challenge the trial court's treatment of her

---

[2] Although plaintiff testified that she filled the five-gallon bucket to nearly four or four-and-a-half gallons, she acknowledged that she only poured a very small portion into the pedicure tub.  Plaintiff explained that other students in the pedicure area would share from the same bucket.  In fact, at the time in question, plaintiff testified that there were four or five students working in the pedicure area but that there were only two buckets present.

[3] We note that this is perfectly acceptable for a court to do because "[c]ourts are not bound by the labels that parties attach to their claims."  *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012).  In fact, "[i]t is well settled that the gravamen of an action is determined by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim."  *Adams v Adams (On Reconsideration)*, 276 Mich App 704, 710-711; 742 NW2d 399 (2007).

complaint. Accordingly, we similarly will treat plaintiff's cause of action as sounding solely in premises liability.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The specific duty that a landowner owes to those who enter the landowner's land is determined by the status of the visitor. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596; 614 NW2d 88 (2000). Michigan recognizes three traditional categories of visitors: trespasser, licensee, and invitee. *Id.* Plaintiff alleged that she was an invitee, and AHSB accepted this premise for the purposes of its motion for summary disposition. Thus, we will treat plaintiff as an invitee for purposes of the motion as well. "With regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012) (footnote omitted).

## A. NOTICE

But a landowner only owes an invitee a duty to protect if the landowner has actual notice of the hazard or if the landowner would have discovered the hazard with the exercise of reasonable care. *Id.*; *Stitt*, 462 Mich at 597. Plaintiff concedes that there is no evidence to show that AHBS had actual knowledge of the puddle of water. Nonetheless, plaintiff asserts that AHBS had constructive notice of the puddle. A landowner's constructive notice of a condition is established if, from the evidence, the condition is of such a character, or has existed for a sufficient length of time, that the landowner should have had knowledge of it. *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001). However, the fact that the bucket had been on the floor for only five to seven minutes before plaintiff fell is not long enough to impute to AHSB actual notice of the slippery condition.

Plaintiff contends that AHSB was on notice because an agent of AHSB, i.e., another student, must have created the hazard by spilling the bucket of water. Assuming without deciding that a student qualifies as an agent of AHSB, AHSB is entitled to summary disposition because plaintiff offered nothing other than speculation that another student actually created the puddle. See *Fields v Suburban Mobility Auth for Regional Transport*, ___ Mich App ___; ___ NW2d ___ (Docket No. 318235, issued June 25, 2015), slip op, p 3 ("[P]arties opposing a motion for summary disposition must present more than conjecture and speculation to meet their burden of providing evidentiary proof establishing a genuine issue of material fact.") (quotation marks and citations omitted).

Plaintiff also avers that actual knowledge of the practice of carrying lidless five-gallon buckets of water across the room should serve as constructive notice of any resulting puddles. However, plaintiff has offered no evidence that such water spillages occurred as a result of the buckets being carried. On the contrary, the only evidence on this matter is from the school's owner, who testified that in the 13 years that this practice of carrying buckets without lids has taken place, spilling has not been an issue because the buckets "were deep enough to protect anything from splashing out."

For these reasons, the trial court correctly held that plaintiff failed to offer evidence to show that AHSB had knowledge of the dangerous condition that caused her fall.

## B. OPEN AND OBVIOUS

As already discussed, "[w]ith regard to invitees, a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner*, 492 Mich at 460 (footnote omitted). However, this duty does not require a landowner to protect an invitee from dangers that are "open and obvious." *Benton v Dart Props, Inc*, 270 Mich App 437, 440-441; 715 NW2d 335 (2006). Open and obvious dangers cut off a landowner's duty because "there is an overriding public policy that people should 'take reasonable care for their own safety' and this precludes the imposition of a duty on a landowner to take extraordinary measures to warn or keep people safe unless the risk is unreasonable." *Buhalis*, 296 Mich App at 693-694, quoting *Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995); see also *Anderson v Wiegand*, 223 Mich App 549, 554; 567 NW2d 452 (1997) (stating that a "possessor of land is not an absolute insurer of the safety of an invitee").

Whether a hazard is open and obvious is preliminarily a question of law. *Knight v Gulf & Western Props, Inc*, 196 Mich App 119, 126; 492 NW2d 761 (1992), citing *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95-97; 485 NW2d 676 (1992). A danger is open and obvious even if the plaintiff did not know of its existence, but "an average user with ordinary intelligence" would have discovered it and the risk presented upon casual inspection. *Novotney v Burger King Corp (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993); see also *Bertrand*, 449 Mich at 611 ("[T]he open and obvious danger doctrine will cut off liability if the invitee should have discovered the condition and realized its danger.").

Here, plaintiff claims that the water was not detectable, and therefore not open and obvious, because she "was looking where she was stepping but was unable to see [the water]." This assertion is wholly unsupported by the record. Nowhere did plaintiff testify that she was looking where she was stepping. Instead, she stated that she "took a step back" and slipped on water that she did not see. The fact that plaintiff did not see the water—either because she was not looking, as is the case here, or for any other reason—is not the test because the test is an objective one. *Watts v Mich Multi-King Inc*, 291 Mich App 98, 102; 804 NW2d 569 (2010). Moreover, after the fall, plaintiff described the puddle as "large" that was "big enough to make me wet from my knee up to my shoulder." There is nothing in the record to indicate that she, or any other average user, would have had difficulty in seeing this large amount of water. While plaintiff suggests that the shine or sheen of the floor caused the water to be undetectable, there is nothing in the record to show that the shine had any such effect. Just because a floor has some shine or sheen to it does mean that water sitting on it necessarily is difficult to perceive upon casual inspection, especially if the amount of water is "large." Again, the fact that plaintiff had

-4-

no difficulty in seeing the puddle once she was looking at the area belies her claim that the floor made the hazard undetectable.[4]

For these reasons, the trial court properly granted AHSB's motion for summary disposition on the ground that the hazard that allegedly caused appellant to slip and fall was open and obvious.

Affirmed. AHSB, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Joel P. Hoekstra

---

[4] We also note that plaintiff had no difficulty discerning the *absence* of water. When she was asked if there was any water present before she started the pedicure procedure, she replied that there was none. If it was virtually impossible to distinguish water on the floor surface due to its sheen, then plaintiff should not have been able to tell that the area previously was dry upon inspection.