*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GARY JOSEPH RUSHLOW,

       Plaintiff-Appellee,

v

JOHN E BODELL,

       Defendant-Appellant,

and

BEAUMONT MEDICAL CENTER,

       Defendant.

UNPUBLISHED
April 29, 2021

No. 351572
Wayne County Circuit Court
LC No. 19-008733-NH

Before: TUKEL, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

In this medical malpractice action, defendant, John E. Bodell, appeals by leave granted the trial court order denying his motion for summary disposition under MCR 2.116(C)(7) (statute of limitations) and (C)(8) (failure to state a claim on which relief may be granted) and motion to dismiss the claims because of a defective affidavit of merit (AOM).[1] Defendant argues that the trial court erred because plaintiff's malpractice claims were barred by the two-year statute of limitations under MCL 600.5838(a) and MCL 600.5805(8), plaintiff failed to file the required AOM with the complaint, and that the AOM that was eventually filed was defective because the

---

[1] *Rushlow v Bodell*, unpublished order of the Court of Appeals, entered March 17, 2020 (Docket No. 351572).

expert witness was not qualified to provide expert testimony in this suit.[2]  For the reasons stated in this opinion, we affirm in part, reverse in part, and remand to the trial court with instructions that it enter an order granting summary disposition under MCR 2.116(C)(7) in part, and to dismiss the surviving claims without prejudice as a result of plaintiff's nonconforming affidavit of merit.

## I.  BACKGROUND

This case arises from plaintiff's carpal tunnel surgery performed by defendant, Dr. Bodell, on December 9, 2016, and subsequent follow-up appointments that took place on January 3, January 16, January 30, and February 14, 2017.  Plaintiff alleged that defendant damaged his nerve during the surgery and failed to order testing to identify the cause of numbness and pain he experienced at the follow-up appointments.  Plaintiff discovered his nerve injury in April 2017, after a different doctor ordered diagnostic tests.

On November 9, 2018, plaintiff sent defendant a presuit notice of intent (NOI).  Plaintiff filed an initial complaint on June 12, 2019, which he subsequently voluntarily dismissed.  A second complaint was filed on June 24, 2019, but an AOM was not attached to the complaint.  Plaintiff filed an amended complaint on July 12, 2019, alleging that defendant negligently performed carpal tunnel surgery and subsequently failed to diagnose his nerve injury.  An AOM was filed with the July complaint, in which Dr. Robert Coats asserted that defendant had breached the standard of care by failing to diagnose plaintiff's nerve injury following surgery.

Defendant filed a motion for summary disposition under  MCR 2.116(C)(7) and (C)(8).  Defendant asserted that summary disposition under MCR 2.116(C)(7) was appropriate for the claims accruing on December 9, 2016 and January 3, 2017, and some of the post-operative claims because they were barred by the statute of limitations.  Defendant also argued that the trial court should grant summary disposition in his favor for the remaining claims because plaintiff failed to file the AOM with the June 24, 2019 complaint.

Defendant also asserted that the claims should be dismissed because plaintiff's AOM was defective.  Defendant asserted that the AOM was defective because it did not meet the statutory requirements of MCL 600.2912d.  Defendant argued that Dr. Coats was not qualified to offer standard-of-care testimony and that plaintiff's counsel did not have a "reasonable belief" that Dr. Coats was qualified to offer such testimony against defendant.  In order to be qualified to offer standard-of-care testimony against defendant under MCL 600.2169(1), defendant asserted, Dr. Coats was required to have been specialized and board-certified in general surgery.  However, Dr. Coats was board-certified in and practiced orthopedic and hand surgery.

The trial court denied both of defendant's motions.  It found that, because Dr. Coats was a board-certified hand surgeon and orthopedic surgeon, he was qualified to testify and sign the

---

[2] Plaintiff and Defendant Beaumont Medical Center stipulated to the dismissal of Beaumont from the suit in August 2019.  Accordingly, "defendant" refers only to defendant Dr. Bodell in this opinion.

AOM. The trial court found that plaintiff "submitted the [NOI] within less than 2 years from when the cause of action accrued [sic] when [plaintiff] noticed that something was wrong in April of '17" and denied defendant's motion. The court did not address plaintiff's alleged failure to file an AOM with the June 24, 2019 complaint. This appeal followed.

## II. STATUTE OF LIMITATIONS

Defendant argues that the trial court erred by denying his summary disposition motion under MCR 2.116(C)(7).

"This Court reviews de novo whether a trial court properly granted a motion for summary disposition." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). "Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). "Generally, the burden is on the defendant who relies on a statute of limitations defense to prove facts that bring the case within the statute." *Id.* "If there is no factual dispute, whether a plaintiff's claim is barred under the applicable statute of limitations is a matter of law for the court to determine." *Id.* at 523. "Statutory interpretation is an issue of law that is reviewed de novo." *Bates v Gilbert*, 479 Mich 451, 455; 736 NW2d 566 (2007).

A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). Each separate act or omission is its own cause of action with its own accrual date. *Kincaid*, 300 Mich App at 525. The statute of limitations period applicable in a medical malpractice suit is two years from the accrual date. *Id.* at 523. See also MCL 600.5805(8). However, and subject to other limitations not relevant to this matter, a medical malpractice action may be commenced either within two years after the act or omission that is the basis for the claim, or within six months after the plaintiff discovered or should have discovered "the existence of the claim, whichever is later." MCL 600.5838a(2). Plaintiff asserted that he discovered his nerve injury in April 2017, after a different doctor ordered diagnostic tests. It is undisputed that the 2 year after-the-act period operates as the applicable limitations period in this case. When plaintiff discovered his injury is irrelevant to our analysis.

MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

Although the limitations period for a medical malpractice claim is generally two years from the act or six months from discovery, as noted above, this provision tolls the statute of limitations for 182 days, provided that the plaintiff provides the notice required by MCL 600.2912b. Then, once notice is provided, the plaintiff would be prohibited from filing suit by MCL 600.2912b until after the 182 day tolling period expires. See MCL 600.5856(c); *Waltz v Wyse*, 469 Mich 642, 649; 677 NW2d 813 (2004). Plaintiff sent defendant a NOI on November 9, 2018, which effectively tolled

the statute of limitations for 182 days under MCL 600.5856(c). Accordingly, the limitations period would expire for each claim as follows:

| Event | Accrual Date | Two years | Plus 182 days |
|---|---|---|---|
| Surgery | 12/9/2016 | 12/9/2018 | 6/9/2019 (Sunday – filing due next business day) |
| Post-Op #1 | 1/3/2017 | 1/3/2019 | 7/4/2019 (Holiday – filing due next business day) |
| Post-Op #2 | 1/16/2017 | 1/16/2019 | 7/17/2019 |
| Post-Op #3 | 1/30/2017 | 1/30/2019 | 7/31/2019 |
| Post-Op #4 | 2/14/2017 | 2/14/2019 | 8/5/2019 |

Plaintiff filed an initial complaint on June 12, 2019, which he voluntarily dismissed. A second complaint was filed on June 24, 2019, but an AOM was not attached. Then, on July 12, 2019, plaintiff filed an amended complaint with an AOM signed by Dr. Coats.

The mere filing of a complaint without an affidavit of merit does *not* commence a medical malpractice lawsuit, nor does it toll the statute of limitations. *Scarsella v Pollak*, 461 Mich 547, 549, 550; 607 NW2d 711 (2000). However, "[u]pon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1)." MCL 600.2912d(2). Notably, plaintiff did not file such a motion with his June 24, 2019 complaint. Although plaintiff's counsel asserts that he filed the AOM with the June 24, 2019 complaint, the record indicates that an AOM was not filed with that complaint. Accordingly, the suit was commenced on July 12, 2019, when the AOM was filed with the complaint. Therefore, the trial court erred when it denied defendant summary disposition under MCR 2.117(C)(7) as it related to the December 9, 2016 and January 3, 2017 claims because the statute of limitations had expired by the time plaintiff commenced the suit. The trial court should have dismissed those claims with prejudice. See *Ligons v Crittenton Hosp*, 490 Mich 61, 73; 803 NW2d 271 (2011) ("When the untolled period of limitations expires before the plaintiff files a complaint accompanied by an AOM, the case must be dismissed with prejudice on statute-of-limitations grounds.").

That leaves the three remaining post-operative claims: January 16, 2017; January 30, 2017; and February 14, 2017. Because plaintiff commenced the suit on July 12, 2019, before the statute of limitations had expired, the trial court did not err by denying defendant's summary disposition under MCR 2.116(C)(7) as to the remaining claims.

## III. AFFIDAVIT OF MERIT

Next, defendant argues that the trial court erred by denying his motion to dismiss plaintiff's AOM because it was nonconforming. We agree.

Determining the statutory requirements for an affidavit of merit is a question of statutory interpretation that is reviewed de novo *Jones v Botsford Continuing Care Corp*, 310 Mich App 192, 199; 871 NW2d 15 (2015). "[A] trial court's rulings concerning the qualifications of proposed expert witnesses to testify" is reviewed for an abuse of discretion. *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Id*.

As a preliminary matter, we note that defendant brought his motion to dismiss under MCR 2.116(C)(8). However, he relied on documentary evidence outside of the pleadings to support his motion. MCR 2.116(G)(5) provides that the trial court may not consider documentary evidence when considering summary disposition motions brought pursuant to MCR 2.116(C)(8). "[W]here a party brings a summary disposition motion under the wrong subrule, the trial court may proceed under the appropriate subrule as long as neither party is misled." *Blair v Checker Cab Co*, 219 Mich App 667, 670-671; 558 NW2d 439 (1996). In this case, in opposing defendant's motion for summary disposition, plaintiff relied on his pleadings and documentary evidence. Because plaintiff was not misled by defendant's citing the wrong subrule, the trial court did not err in considering documentary evidence and could consider the motion pursuant to MCR 2.116(C)(10). Accordingly, we review this motion under the standard for MCR 2.116(C)(10). See *Decker v Flood*, 248 Mich App 75, 80; 638 NW2d 163 (2001) ("[B]ecause it is clear that the court relied on evidence outside the pleadings in order to make its determination that [the plaintiff's expert] did not qualify as an expert under MCL 600.2169, we review this motion under the standard for MCR 2.116(C)(10).").

Summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citations omitted).

"Whether an expert may provide standard of care testimony at trial is governed by MCL 600.2169. However, whether an affidavit of merit signed by an expert is adequate is governed by MCL 600.2912d." *Jones*, 310 Mich App at 199-200. MCL 600.2912d requires that plaintiff's counsel " 'reasonably believes' that the affiant 'meets the requirements' of MCL 600.2169, not that the affiant actually meet those requirements for purposes of trial testimony." *Id*. at 200. "The controlling question under MCL 600.2912d is whether plaintiff's counsel had a reasonable belief that the affiant would qualify." *Id*. at 200. "The fact that the Legislature used the language 'reasonably believes' demonstrates that there will be cases in which counsel had such a reasonable belief even though the expert is ultimately shown not to meet the criteria of MCL 600.2169(1)." *Id*.

MCL 600.2169(1) provides, in pertinent part:

In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and meets the following criteria:

(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. *However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.* [Emphasis added.]

The requirement to "match" the expert's specialty to that of the defendant doctor is mandatory. "If the defendant is a specialist, the expert witness must, at the time of the occurrence that forms the basis of the action, specialize in the same specialty, and subspecialty if applicable, as the defendant. MCL 600. 2169(1)(a)[.]" *Gonzalez v St John Hosp & Med Ctr (On Reconsideration)*, 275 Mich App 290, 296-297; 739 NW2d 392 (2007). If an expert does not meet the requirements of MCL 600.2169, the expert is not qualified to offer testimony to the applicable standard of practice. See *Woodard*, 476 Mich at 575-576 (holding that a pediatrician was not qualified to testify against a pediatric critical care specialist, and an infectious disease physician was not qualified to testify against a general internal medicine physician); *Decker*, 248 Mich App at 82-83 (holding that an endodontist who specialized in performing root canals was not qualified to offer expert testimony on the standard of practice of a general practitioner dentist who performed root canals).

At the time of the alleged malpractice, defendant was board-certified in general surgery. In the AOM, Dr. Coats asserted that he was board-certified in orthopedic and hand surgery. The trial court concluded that, because Dr. Coats was a hand surgeon and a board-certified orthopedic surgeon, he was qualified to testify and to sign the AOM. Defendant argues that Dr. Coats was not qualified to offer expert testimony regarding the applicable standard of care in the instant case because general surgery is a distinct and separate board certification from orthopedic surgery and surgery of the hand. It is undisputed that plaintiff's affiant, Dr. Coats, was board-certified in a different specialty than defendant. Therefore, the trial court abused its discretion when it concluded that Dr. Coats satisfied the statutory requirements of MCL 600.2169 because Dr. Coats was not board-certified in general surgery.

The next question is whether, at the time the affidavit of merit was prepared, plaintiff's counsel reasonably believed that Dr. Coats met the requirements of MCL 600.2169(1)(a). *Jones*, 310 Mich App at 200. Defendant argues that plaintiff's counsel's belief that Dr. Coats met the requirements of MCL 600.2169(1)(a) was not reasonable because a "simple internet search" indicated that defendant specialized in general surgery. The internet search attached to defendant's motion to dismiss indicated that defendant specialized in general surgery. In the trial court, plaintiff's counsel argued that he made a "good faith effort" to comply with MCL 600.2912d and that he reasonably believed Dr. Coats qualified as an expert based on the fact that Dr. Coats was a board-certified orthopedic surgeon specializing in hand surgery. Plaintiff's counsel also asserted

-6-

that defendant "seem[ed] not to specialize in anything," yet acknowledged that defendant was board-certified in general surgery. On appeal, plaintiff argues for the first time that defendant's board certifications are "irrelevant when looking at an expert's qualifications because [defendant] was practicing [orthopedic medicine] in which he is not board-certified."

We have held that MCL 600.2169(1) "requires that only a single relevant specialty or board certification match, not that multiple specialties or board certifications match." *Gonzalez*, 275 Mich App at 300. This Court has also recognized that if a defendant is or could be board-certified, but was not practicing in such a speciality at the time of the alleged malpractice, the expert need not be board certified. Thus, in *Reeves v Carson City Hosp (On Remand)*, 274 Mich App 622, 623; 736 NW2d 284 (2007), the defendant physician was board-certified in family medicine but was practicing emergency medicine at the time of the alleged malpractice. The plaintiffs offered an expert witness who was board-certified in emergency medicine but was not board-certified in family medicine. *Id*. The *Reeves* Court held that

> because [the defendant physician] was practicing emergency medicine at the time of the alleged malpractice and potentially could obtain a board certification in emergency medicine, she was a "specialist" in emergency medicine under the holding in *Woodard*. Thus, plaintiffs would need a specialist in emergency medicine to satisfy MCL 600.2169[.] [*Id*. at 630.]

However, *Reeves* does not appear to apply here because plaintiff did not assert below that, at the time of the alleged malpractice, defendant was practicing outside of his board certification in general surgery, and there is no evidence that defendant did so.

Plaintiff's counsel reasserts that he reasonably believed that Dr. Coats met the requirements of MCL 600.2169 because of Dr. Coats' "extensive experience in treating and diagnosing carpal tunnel." However, as indicated, MCL 600.2169(1)(a) explicitly states that "if the party against whom or on whose behalf the testimony is offered is a specialist who is board-certified, the expert witness *must* be a specialist who is board-certified in that specialty." (Emphasis added.) Therefore, plaintiff's argument has no merit. Given the clear language of the statute, there is no evidence to support a finding that plaintiff's counsel reasonably believed that Dr. Coats was qualified to sign the AOM because Dr. Coats was not board-certified in general surgery. As a result, the AOM was nonconforming.

A nonconforming affidavit will toll the period of limitation until the validity of the affidavit is successfully challenged in subsequent judicial proceedings. *Kirkaldy v Rim*, 478 Mich 581, 586; 734 NW2d 201 (2007). If an affidavit is found to be nonconforming, the proper remedy is dismissal without prejudice, and the plaintiff has whatever time remains in the period of limitations to file a complaint with a conforming affidavit. *Id*. Therefore, because the AOM was nonconforming, the trial court erred by denying defendant's motion to dismiss and plaintiff's surviving claims should have been dismissed without prejudice. It will be the obligation of the trial court to calculate the days remaining before the expiration of the statute of limitations.

Affirmed in part, reversed in part, and we remand to the trial court with instructions that it enter an order granting summary disposition under MCR 2.116(C)(7) in part, and to dismiss the

surviving claims without prejudice as a result of the nonconforming affidavit of merit. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ /Michelle M. Rick