*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FREDDY DE LA TORRE

DANNY DE LA TORRE,

      Petitioner-Appellee,

v

FREDDY DE LA TORRE,

      Respondent-Appellant.

UNPUBLISHED
November 9, 2021

No. 356496
Washtenaw Circuit Court
LC No. 21-000125-MI

Before: SWARTZLE, P.J., and SAWYER and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's initial order after hearing on the petition for mental health treatment that required him to be hospitalized for up to 60 days. On appeal, respondent argues that the trial court erred by failing to comply with the statute requiring two independent medical examinations. We affirm.

Petitioner, respondent's brother, filed a petition for mental health treatment with the trial court because he believed that respondent posed a danger to himself and others. Attached to the petition were two clinical certificates, one from Dr. Fatin Nahi and one from Dr. Anjum Mujahid. Both Dr. Nahi and Dr. Mujahid were psychiatrists and had examined respondent together when he was brought into the hospital. Both doctors found that respondent suffered from paranoid delusions and noted it in their respective clinical certificates. Following a hearing on the petition, the trial court found that respondent's judgment was impaired and that he needed treatment. The trial court ordered respondent to be hospitalized up to 60 days and assisted through outpatient treatment for up to 180 days. This appeal followed.

Respondent argues that the Mental Health Code, MCL 330.1001 *et seq.*, requires that two separate, independent examinations be conducted before a hearing can be held on a petition for involuntary treatment. Specifically, respondent asserts that MCL 330.1435(4) requires that an individual subject to a petition receive two examinations because it states "after each

-1-

examination." Therefore, according to respondent, it is clear that the statute refers to multiple examinations. We disagree.

Because respondent did not preserve this issue by raising it before the trial court, this claim is unpreserved. See *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). This Court reviews unpreserved claims for plain error affecting substantial rights. *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000). " 'To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights.' " *Id*., quoting *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Reversal is appropriate when an error is so serious that it results in the conviction of an innocent defendant or when it "affect[ed] the fairness, integrity or public reputation of judicial proceedings, independent of the defendant's innocence." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008) (quotation marks and citations omitted; alteration in original).

This issue involves the interpretation of a provision of the Mental Health Code.

> The primary goal of statutory construction is to determine and give effect to the intent of the Legislature. The specific language of the statute is the first source for determining the Legislature's intent, and when the language of the statute is unambiguous, the Legislature is presumed to have intended the meaning expressed and judicial construction is not required or permitted.
>
> Unless otherwise defined in the statute, words or phrases should be accorded their plain and ordinary meanings, and technical terms should be construed according to their peculiar meanings. Also, the reviewing court should presume that every word has some meaning and should avoid a construction that would render any part of a statute surplusage or nugatory. [*Decker v Flood*, 248 Mich App 75, 82; 638 NW2d 163 (2001) (citations omitted).]

The provision respondent cites simply does not apply in this case. It applies to cases in which less than two clinical certificates are filed with the petition. See MCL 330.1435.[1] In those

---

[1] MCL 330.1435 states:

> (1) If the petition is accompanied by 1 clinical certificate, the court shall order the individual to be examined by a psychiatrist.
>
> (2) If the petition is not accompanied by a clinical certificate, and if the court is satisfied a reasonable effort was made to secure an examination, the court shall order the individual to be examined by a psychiatrist and either a physician or a licensed psychologist.
>
> (3) The individual may be received and detained at the place of examination as long as necessary to complete the examination or examinations, but not more than 24 hours.

cases, the probate court must order additional examinations. *Id.* In this case, the probate court followed MCL 330.1434, which states:

> (1) Any individual 18 years of age or over may file with the court a petition that asserts that an individual is a person requiring treatment.
>
> (2) The petition shall contain the facts that are the basis for the assertion, the names and addresses, if known, of any witnesses to the facts, and, if known, the name and address of the nearest relative or guardian, or, if none, a friend, if known, of the individual.
>
> (3) Except as provided in subsection (7), the petition shall be accompanied by the clinical certificate of a physician or a licensed psychologist, unless after reasonable effort the petitioner could not secure an examination. If a clinical certificate does not accompany the petition, the petitioner shall set forth the reasons an examination could not be secured within the petition. The petition may also be accompanied by a second clinical certificate. If 2 clinical certificates accompany the petition, at least 1 clinical certificate must have been executed by a psychiatrist.
>
> (4) Except as otherwise provided in subsection (7) and section 455, a clinical certificate that accompanies a petition must have been executed within 72 hours before the filing of the petition, and after personal examination of the individual.
>
> (5) If the individual is found not to be a person requiring treatment under this section, the petition and any clinical certificate shall be maintained by the court

---

> (4) After an examination ordered under subsection (1), the examining psychiatrist shall either transmit a clinical certificate to the court or report to the court that execution of a clinical certificate is not warranted. After each examination ordered under subsection (2), the examining psychiatrist, or the examining physician or licensed psychologist, as applicable, shall either transmit a clinical certificate to the court or report to the court that execution of a clinical certificate is not warranted.
>
> (5) If 1 examination was ordered and the examining psychiatrist reports that execution of a clinical certificate is not warranted, or if 2 examinations were ordered and 1 of the examining physicians or the licensed psychologist reports that execution of a clinical certificate is not warranted, the court shall dismiss the petition or order the individual to be examined by a psychiatrist, or if a psychiatrist is not available, by a physician or licensed psychologist. If a third examination report states that execution of a clinical certificate is not warranted, the court shall dismiss the petition.
>
> (6) This section does not apply to a petition filed under section 434(7).

as a confidential record to prevent disclosure to any person who is not specifically authorized under this chapter to receive notice of the petition or clinical certificate.

(6) The petition described in this section may assert that the subject of the petition should receive assisted outpatient treatment in accordance with section 468(2)(d).

(7) A petition that does not seek hospitalization but only requests that the subject of the petition receive assisted outpatient treatment is not subject to subsection (3) or (4).

In this case, petitioner filed a petition, which was accompanied by two clinical certificates—each prepared by a psychiatrist—"after personal examination of the individual," within 72 hours before the filing of the petition. MCL 330.1434(3), (4). The petition was filed on February 19, 2021. Both clinical certificates reflect that the two psychiatrists examined respondent at 11:00 a.m. on February 18, 2021, the day before the petition was filed. MCL 330.1434 contains no language requiring multiple examinations, and it contains no language indicating that it was the Legislature's intent to impose such a requirement. See *SBC Health Midwest, Inc v Kentwood*, 500 Mich 65, 72; 894 NW2d 535 (2017) (quotation marks and citation omitted; alteration in original) ("We do not read requirements into a statute where none appear in the plain language and the statute is unambiguous. It is not within the province of this Court to read therein a mandate that the [L]egislature has not seen fit to incorporate."). Accordingly, respondent fails to establish any error, let alone plain error, occurred.[2]

Affirmed.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Anica Letica

---

[2] Even if respondent established that an error occurred, his substantial rights were not affected. See *Utrera*, 218 Mich App at 9. The two examining psychiatrists appeared to have completed their certificates separately, evidenced by the different time stamps and different diagnoses reflected on each.